IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY L. MCLEMORE,

     **Plaintiff,**

     v.                             CASE NO.  23-3248-JWL

JOLENE HETT,

     **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff and state prisoner Jeffrey L. McLemore brings this pro se action under 42 U.S.C. § 1983. As explained below, the complaint fails to state a plausible claim for relief. Plaintiff is therefore required to file an amended complaint that cures the deficiencies discussed herein. If he fails to do so in the time provided, this matter will be dismissed without prejudice for failure to state a plausible claim on which relief can be granted.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the Saline County Jail in Salina, Kansas. The sole Defendant named in the complaint is Jolene Hett, the record custodian for the 28th Judicial District Court Clerk's Office in Salina, Kansas. (Doc. 1, p. 1.)

As the factual background for the complaint, Plaintiff alleges that at a hearing in state court, Judge Swisher of the 28th Judicial District of Kansas directed him to the court clerk's office for "production of discovery." *Id.* at 2. Thus, Plaintiff wrote the clerk's office a letter on October 21, 2023, requesting certain documents. *Id.* at 2-3. It appears from the exhibits attached to the complaint that Plaintiff sought "all discovery in" multiple state court cases he identified, as well

as "all ROA's/Motions/hearings/and transcripts available in [X]erox form (per) your offices files [*sic*]." (Doc. 1-3.)

On October 26, 2023, Plaintiff received a letter from the clerk's office, signed by Defendant, that stated his request for inspection or copies of the records had been denied. (Doc. 1, p. 3.) The notice explained:  "The reason for the denial is:  Our system is currently down. All requests will be processed in the order they were received." (Doc. 1-1.) Thereafter, Plaintiff discovered that other inmates had received discovery "by and through attorney[]s from the clerk[']s office on the dates" that the system was allegedly down. (Doc. 1, p. 3.)

In the sole count of his complaint, Plaintiff alleges that Defendant violated his right to access the courts under the Sixth and Fourteenth Amendments to the United States Constitution by refusing to produce the requested documents and by lying[1] about the reason for denying his request. *Id.* at 4. As relief, he seeks injunctive relief ordering production of the documents in question, an order directing his immediate release, as well as monetary damages for pain and suffering, nominal damages, punitive damages, and compensatory damages "against all individuals involved." *Id.* at 7.

---

[1] The Court notes that at the time Plaintiff requested the documents, "all [state] district court clerk's offices except Johnson County [were] inaccessible because the electronic filing systems in those courts [were] unavailable." *See* Kan. S. Ct. Administrative Order 2023-CC-074, issued October 16, 2023 (noting that the electronic filing systems in the clerk's offices were unavailable from October 12, 2023 ). Although the sufficiency of a complaint generally "must rest on its content alone[,] . . . [t]here are exceptions to this restriction on what the court can consider," including "'matters of which a court may take judicial notice.'" *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal citations omitted). Under Federal Rule of Evidence 201, the Court may take judicial notice on its own, at any stage of the proceeding, of an adjudicative fact "that is not subject to reasonable dispute because it . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This Court may take judicial notice of Kansas Supreme Court Administrative Orders. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, *1 n.1 (D. Kan. Sept. 26, 2022) (unpublished). Among the systems identified on the Kansas Judicial Branch's website as being offline due to the "[c]ourt systems security incident" is the "Kansas eCourt case management system, which district courts use to process cases." *See* www.kscourts.org/About-the-Courts/Court-Administration/OJA/Court-Systems-Security-Incident, last accessed Dec. 19, 2023. However, during this screening process, the Court accepts all well-pleaded factual allegations in the complaint as true. Thus, solely for purposes of the screening, the Court assumes that Plaintiff's request for copies was improperly denied.

## II.  Statutory Screening of Prisoner Complaints

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Failure to State a Claim

The sole count in the complaint now before the Court is that Defendant violated Plaintiff's constitutional right to access the courts. There are two broad categories of access cases: (1) cases that allege the denial of access by "official action [that] frustrates a plaintiff . . . in preparing and filing suits at the present time" and (2) cases that allege the denial of access by official action that resulted in a particular claim no longer being available to the plaintiff because the denial of access

4

"caused the loss or inadequate settlement of a meritorious case," the loss of the opportunity to sue, or the loss of the opportunity to seek a particular type of relief. *See Christopher v. Harbury*, 536 U.S. 403, 412-14 (2002). Liberally construing the complaint, as is proper since Plaintiff proceeds pro se, this case falls into the first category. In this type of case, the "object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id.* at 413.

Identifying the separate claim that was frustrated by the alleged denial of access to the courts is important because "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id.* at 414-15. Thus, the denial of access to the courts must have frustrated or hindered a nonfrivolous and arguable claim for relief. Put another way, if the alleged denial of access did *not* frustrate or hinder an arguable, nonfrivolous claim, the denial of access caused no injury. Accordingly, "the underlying cause of action . . . is an element [of a denial of access claim] that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415.

In the complaint now before this Court, Plaintiff has thoroughly detailed the actions that allegedly denied him access to the courts. He has not, however, described the cause of action that was frustrated by those actions.  Even liberally construing the complaint, at best Plaintiff has explained that he is "building a case for conspiracy [to] interfere with the vindication or his const[itutional] rights." (Doc. 1, p. 3.) This leaves unclear what constitutional rights Plaintiff believes were violated, who he believes violated those rights, and how those individuals or entities conspired to interfere with his exercise of those rights. In order to state a plausible claim for unconstitutional denial of access to the courts, Plaintiff must more specifically identify the

arguable, nonfrivolous claim that was frustrated or hindered by Defendant's denial of his request for the records at issue.

### B.  Relief Requested

Plaintiff identifies the relief he seeks through this action as including, among other things, an order for his immediate release and monetary judgments against "all individuals involved." (Doc. 1, p. 7.) A § 1983 action is not the appropriate vehicle by which to seek relief. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Thus, this portion of the prayer for relief is subject to dismissal.

Additionally, to the extent Plaintiff seeks monetary judgments against individuals not named as defendants in his complaint, such judgments are not available. It is well-established that the principles of due process generally prohibit the entry of judgment against a person who is not a party to the litigation. *See Ortiz v. Fireboard Corp.*, 527 U.S. 815, 846 (1999). There is only one named defendant in this action, so Plaintiff may seek monetary damages only from that individual. Any request for monetary damages from other individuals is subject to dismissal.

Relatedly, Plaintiff seeks punitive and compensatory damages, but his complaint does not allege sufficient facts to support a plausible claim to these types of damages. Plaintiff broadly refers to "pain and suffering," but has not explained how the denial of his records request caused any pain or suffering. Punitive damages are available in a § 1983 lawsuit, but "only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Plaintiff has not alleged facts

6

that show Defendant's conduct falls into this category. Thus, his request for punitive and compensatory damages are also subject to dismissal.

## IV.  Amended Complaint Required

To avoid dismissal of this action for failure to state a plausible claim for relief, Plaintiff is required to submit an amended complaint, on the required court-approved form, that cures the deficiencies identified in this order. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his original complaint or the exhibits thereto. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3248-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. If Plaintiff does not timely file an amended complaint that cures the deficiencies discussed herein, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **January 22, 2024,** in which to submit a complete and proper amended complaint that

cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 20, 2023, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
